UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-307-MOC

| | |
|---|---|
| **BRANDON PICKENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **N.C. DEPARTMENT OF ADULT** ) | |
| **CORRECTIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff applied to proceed in forma pauperis. [Doc. 2; see Doc 6 (Order Waiving Initial Partial Filing Fee and Directing Monthly Payments be Made from Prison Account)].

**I.     BACKGROUND**

The pro se Plaintiff, a prisoner of the State of North Carolina at the Scotland Correctional Institution, filed this civil rights suit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. He names as Defendants the North Carolina Department of Adult Corrections (NCDAC) and "various staff members" of the NCDAC. [Doc. 1 at 1]. The Plaintiff alleges that the Defendants violated the ADA and denied him due process rights under the Fourteenth Amendment when he was denied reasonable accommodations at the Avery-Mitchell Correctional Institution on November 2, 2020. He claims that the Defendants' discrimination prevented him from earning sentence reduction credits that would allow him to reduce his projected release date, and that he has been subjected to improper disciplinary actions. He seeks injunctive relief, damages, and costs. [Id. at 8].

1

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the). Any of the enumerated types of dismissals count as a strike,

"whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

The Plaintiff has filed at least three prior civil actions that were dismissed under §§ 1915(e)(2) and/or 1915A, including: Pickens v. Morgan, Case No. 5:22-cv-126-MR, 2023 WL 2672808 (W.D.N.C. March 28, 2023) (dismissed with prejudice as frivolous and for failing to state a claim); Pickens v. Perry, Case No. 5:16-ct-3189-BO, 2017 WL 7789273 (E.D.N.C. May 18, 2017) (dismissed for failure to state a claim); Pickens v. Shanahan, Case No. 1:16-cv-251-LCB-JLW, failure to state a claim 2016 WL 9074614 (M.D.N.C. April. 25, 2016) (dismissed for failure to state a claim).

Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court, therefore, will dismiss this action.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting Plaintiff leave to proceed in forma pauperis.

**IT IS, THEREFORE, ORDERED** that:

1. The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 6] is **VACATED** and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.
2. This action is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).
3. The Clerk of Court's Financial Department is respectfully instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and

the Clerk is respectfully instructed to mail a copy of this Order to the Scotland Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: February 21, 2024

Max O. Cogburn Jr
United States District Judge

4

Case 1:23-cv-00307-MOC   Document 9   Filed 02/21/24   Page 4 of 4